UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURPHY,

        Plaintiff,               Case Number: 2:20-CV-11472

v.                                    HONORABLE PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

PAMELA L. SANDERS, ET AL.,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL

This matter is pending before the Court on a *pro se* civil rights complaint filed by Timothy Murphy ("Plaintiff") under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff names three defendants: Registered Dietician Pamela L. Sanders, Registered Nurse Mary J. Howard, and Corrections Officer Harold Marsh.

Plaintiff's complaint alleges that Defendants were deliberately indifferent to his medical needs when they denied him a soft food diet and unreasonably delayed medical care for a dental issue. He also raises a state law claim of gross negligence. Plaintiff seeks monetary relief. For the reasons discussed, the Court will dismiss Defendants Howard and Marsh. This dismissal is without prejudice to

Plaintiff's state law gross-negligence claims against these Defendants.

### I. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. (ECF No. 4.) Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is

frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

## II. Factual Allegations

Plaintiff's complaint focuses on a period of approximately six weeks while he was incarcerated at the Cotton Correctional Facility. Plaintiff states that he suffers from temporomandibular joint disorder (TMJ) and is missing thirteen teeth. (ECF No. 1, Pl.'s Compl. ¶¶ 10-15, PageID.2-3.) As a result, Plaintiff was prescribed a soft food diet on June 29, 2017. (*Id.* ¶ 16, PageID.3.) The soft food diet was continued until March 15, 2019, when Defendant Sanders, a registered dietician, discontinued the diet without first consulting with a dentist or doctor. (*Id.* ¶¶ 17-18, PageID.3.)

On March 31, 2019, Plaintiff requested that Sanders reinstate his soft food diet, but she did not do so. (*Id.* ¶ 24, PageID.4.) On April 7, 2019, Plaintiff broke a tooth off at the gumline while trying to consume a regular (not soft food) lunch meal. (*Id.* ¶ 25, PageID.4.) A dentist extracted the remainder of Plaintiff's tooth on April 9, 2019. (*Id.* ¶ 26, PageID.4.)

Plaintiff developed complications from the extraction and, on April 15, 2019, a dentist diagnosed him with dry socket and prescribed a numbing agent and

pain medication.  (*Id.* ¶¶ 27-28, PageID.4.)  Later that evening, at approximately 7:00 p.m., Plaintiff's pain worsened and, by 10:45 p.m., the pain was "unbearable." (*Id.* ¶ 29, PageID.4.)  Plaintiff asked Defendant Marsh, a corrections officer, to contact Health Care so he could get something for his pain.  (*Id.*)  Marsh told Plaintiff it was not a medical emergency and he would not contact Health Care. (*Id.*)  At about 12:35 a.m., Marsh told Plaintiff he had contacted Health Care and discussed Plaintiff's case with Defendant Howard.  (*Id.* ¶ 30, PageID.5.)  Howard, a registered nurse, advised that Plaintiff should request to see dental during the daytime.  (*Id.*)   Plaintiff asked Marsh to call Howard again so that Plaintiff could speak to her.  Marsh refused.  (*Id.*)

Plaintiff states that, shortly after a shift change, Plaintiff approached another corrections officer and explained the situation.  (*Id.* ¶ 31, PageID.5.)  The corrections officer called dental and Plaintiff was "immediately sent to dental on an urgent basis." (*Id.*)  Once there, a numbing agent was applied and the area treated. (*Id.*)  Plaintiff does not state the time he was ultimately sent to dental for treatment, but states that he "endured at least eight (8) continuous hours" of pain before he was seen.  (*Id.* ¶ 32, Page.ID.5.)

### III.  Discussion

Plaintiff claims that Defendants violated his rights under the Eighth

4

Amendment. (ECF No. 1, Count I, PageID.6.) "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals and is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).

An Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). In the context of a medical-care claim, the objective component requires a showing "that the medical need at issue is 'sufficiently serious.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore v. Kalamazoo Cty.*,

390 F.3d 890, 897 (6th Cir. 2004) (quoting *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)) (emphasis in *Blackmore*).

The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer,* 511 U.S. at 834. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835.

Plaintiff's claims against Defendants Marsh and Howard arise from an approximately eight-hour delay in obtaining medical treatment after he told them he was in excruciating pain. On April 15, 2019, at approximately 10:45 p.m., Plaintiff told Defendant Marsh he was experiencing "unbearable" pain related to his treatment earlier in the day for dry socket. (ECF No. 1, ¶ 29, PageID.4.) Defendant Marsh initially declined to contact Health Care, but, at about 12:35 a.m., having apparently had a change of heart, discussed Plaintiff's case with Defendant Howard, a registered nurse. (*Id.* ¶¶ 29-30, PageID.4-5.) Howard advised that Plaintiff should request to see dental in the morning. (*Id.*) Marsh refused

6

Plaintiff's request to call Howard again so Plaintiff could speak to her. (*Id.*) Plaintiff was ultimately treated by a dentist on April 16, 2019. (*Id.* ¶ 31, PageID.5.) Plaintiff claims that he unnecessarily suffered extreme pain for at least eight hours based upon Marsh's and Howard's deliberate indifference to his medical needs. (*Id.* ¶ 32, PageID.5.)

The eight-hour delay in providing Plaintiff dental care is not inconsistent with Michigan Department of Corrections ("MDOC") policies. Where a prisoner complains of an "urgent" condition, the health care professional evaluating the complaint must schedule the prisoner to be seen no later than the next business day. *See* MDOC Policy Directive 03.04.100.[1] In accordance with this policy, Plaintiff was treated the next day. (*See* ECF No. 1, ¶ 31, PageID.5.) In addition, Plaintiff's wait of approximately eight hours to be seen by a dental professional was not "inconsistent with contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). Indeed, though unfortunate, it would not be unexpected or atypical for a non-incarcerated individual to have to wait until morning to receive treatment for dental pain occurring well after normal business hours.

---

[1] Policy Directive 03.04.100 sets forth MDOC's policies and procedures for providing health care. *See* https://www.michigan.gov/documents/corrections/03_04_100_651299_7.pdf.

Further, Plaintiff has not shown that Marsh or Howard acted with deliberate indifference to his medical needs. Marsh contacted Howard, a medical professional, about Plaintiff's pain and was advised that Plaintiff could seek treatment in the morning. The complaint contains no factual allegations from which the Court could infer that Marsh "recklessly disregarded" a substantial risk of serious harm to him. *Comstack v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The same is true of Plaintiff's allegations against Howard. Howard's decision that Plaintiff could contact dental in the morning is insufficient to show that she was deliberately indifferent to his dental needs. Thus, Plaintiff fails to state an Eighth Amendment claim against Marsh and Howard.

Plaintiff also raises state-law gross negligence claims against all three defendants. (ECF No. 1, Count II, PageID.7.) In determining whether to retain supplemental jurisdiction over state-law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Generally, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, "the balance of considerations usually will point to dismissing the state law claims."

*Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quotation omitted). Here, because the Court will dismiss Plaintiff's federal claims against Defendants Marsh and Howard, the Court declines to exercise supplemental jurisdiction with regard to Plaintiff's state-law claims against these defendants. The state law gross negligence claims against Defendants Marsh and Howard will be dismissed without prejudice.

## IV. Conclusion

For the reasons stated, Defendants Harold Marsh and Mary J. Howard are **DISMISSED**. The dismissal is **WITH PREJUDICE** as to Plaintiff's Eighth Amendment claims against these defendants and, because the Court declines to exercise supplemental jurisdiction over the state-law gross negligence claims against Marsh and Howard, the dismissal with respect to those claims is **WITHOUT PREJUDICE**.

Plaintiff's claims may proceed against Defendant Pamela L. Sanders.

**IT IS SO ORDERED**.

Date: August 5, 2020              s/Paul D. Borman
                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE